21 F.3d 1114
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Ravi Shankar MISHRA, Petitioner,
v.
IMMIGRATION & NATURALIZATION SERVICE, Respondent.
 No. 92-070224.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Oct. 7, 1993.
Decided April 14, 1994.
 
 Before: TANG, TROTT, and FERNANDEZ, Circuit Judges.
 
 
 1
 MEMORANDUM *
 
 
 2
 Ravi Shankar Mishra, an ethnic Indian citizen of Fiji, petitions for review of the decision of the Board of Immigration Appeals (BIA) upholding the Immigration Judge's (IJ) denial of Mishra's petition for asylum and withholding of deportation, and his request for voluntary departure. We deny the petition for review.
 
 I.
 A.
 
 3
 Mishra introduced evidence that in 1987 a military coup headed by ethnic Fijian Lt. Colonel Rabuka seized power from the civilian government in Fiji. Ethnic Indians thereafter experienced a variety of harassment and discrimination.
 
 
 4
 Specifically, Mishra testified that ethnic Fijian mobs threw stones at his home four times, during three of which he was present. Each time, the police said they could not respond because their weapons had been taken by the military. No one was harmed, however, and the property was not damaged. Mishra also testified that Fijian soldiers had interfered with Hindu religious services, that several Indian temples had been burned after the coup (although the evidence demonstrated that his own temple was still operating), and that the Fijian military promulgated "Sunday laws" preventing travel or work on Sundays, which restricted Hindu worship. One of Mishra's uncles was detained for a day for violating the Sunday laws when he was returning from a visit to his sick grandfather, although Mishra was not aware if he had been mistreated. Mishra himself had never been arrested, detained or harmed in Fiji.
 
 B.
 
 5
 Section 208(a) of the Immigration and Nationality Act ("INA"), 8 U.S.C. Sec. 1158(a), "authorizes the Attorney General, in his discretion, to grant asylum to an alien who is unable or unwilling to return to his home country because of persecution or a well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group, or political opinion." INS v. Cardoza-Fonseca, 480 U.S. 421, 423, 107 S.Ct. 1207, 1209 (1987), citing 8 U.S.C. Sec. 1101(a)(42) (defining "refugee"). The burden is on the alien to establish eligibility for asylum. Estrada-Posadas v. INS, 924 F.2d 916, 918 (9th Cir.1991). The BIA's factual determination that an alien has failed to prove a well-founded fear of persecution is reviewed for substantial evidence. Id. To reverse the BIA finding, this court "must find that the evidence not only supports that conclusion, but compels it...." INS v. Elias-Zacarias, 112 S.Ct. 812, 815 n. 1 (1992).
 
 
 6
 The harassment and discrimination experienced by Mishra, while reprehensible, does not compel a grant of asylum because there is no evidence that Mishra himself will be subject to violence or danger upon his return to Fiji. A "general level of violence or danger ... does not establish a claim of persecution." Arteaga v. INS, 836 F.2d 1227, 1232 (9th Cir.1988), citing Mendez-Efrain v. INS, 813 F.2d 279, 282 (9th Cir.1987) (no evidence of a "specific individualized threat" to petitioner). See also Limsico v. INS, 951 F.2d 210, 212 (9th Cir.1991) ("General conditions of unrest do not establish a well-founded fear of persecution."); Arriaga-Barrientos v. INS, 937 F.2d 411, 414 (9th Cir.1991) (acts of violence against friends or family must "create a pattern of persecution closely tied to the petitioner" to justify asylum; allegations of isolated violence is not sufficient); Rodriguez-Rivera v. INS, 848 F.2d 998, 1006 (9th Cir.1988) ("random violence does not substantiate a claim of persecution under the immigration laws"); Rebollo-Jovel v. INS, 794 F.2d 441, 448 (9th Cir.1986) (petitioner "must demonstrate that potential persecution would be directed at him as an individual," not merely that "political violence is widespread."). None of the adverse treatment Mishra experienced, or expects to experience upon his return to Fiji, constitutes a "specific individualized threat."
 
 
 7
 Although the harassment and crime against ethnic Indians in Fiji present a compelling picture of difficulty for ethnic Indians in that country and we are sympathetic to their plight, the evidence does not compel a finding of past persecution or well-founded fear of future persecution.
 
 C.
 
 8
 Withholding of deportation under section 243(h) of the INA, 8 U.S.C. Sec. 1253(h), is subject to a higher burden of proof than an application for asylum, and the petitioner must demonstrate a "clear probability" of persecution. See Cardoza-Fonseca, 480 U.S. at 430, 107 S.Ct. at 1212. Because Mishra failed to demonstrate a well-founded fear of persecution, this court need not "address whether the petitioner[ ] would meet the more stringent standard of a clear probability of persecution required for withholding of deportation." Berroteran-Melendez v. INS, 955 F.2d 1251, 1258 (9th Cir.1992).
 
 D.
 
 9
 Mishra argues that his due process rights were violated by the BIA's citation to the Country Reports on Human Rights Practices for 1991, which was not included in the administrative record.
 
 
 10
 In Castillo-Villagra v. INS, 972 F.2d 1017, 1028-29 (9th Cir.1992), we held that the BIA's reliance on evidence of a change in the Nicaraguan government, without adequate notice to the asylum applicant, violated that applicant's due process rights. Unlike in Castillo-Villagra, however, the BIA used the 1991 report to corroborate its conclusion that Mishra did not have a well-founded fear of persecution. It affirmed the IJ's decision "in all respects," which had rested on the fact that Mishra had never been detained or arrested, neither he nor any member of his family had been harmed, their property had not been damaged or confiscated, and their temple was still operating.
 
 
 11
 "[W]hether to take [administrative] notice ... whether to allow rebuttal evidence and even for whether the parties must be notified that notice will be taken" is reviewed for an abuse of discretion. Id. at 1028. Where the facts noticed by the BIA do not change, but merely corroborate, its conclusion, and where Mishra has not shown that he could rebut the information presented, the BIA did not abuse its discretion nor violate due process by failing to notify Mishra of its use of the 1991 Country Reports.
 
 II.
 
 12
 The denial of a request for voluntary departure under section 244(e) of the INA, 8 U.S.C. Sec. 1254(e), is reviewed for an abuse of discretion. Villaneuva-Franco v. INS, 802 F.2d 327, 329 (9th Cir.1986). Voluntary departure may be denied for failure to establish statutory eligibility, or as a matter of discretion. Id. The BIA upheld the IJ's denial of Mishra's request for voluntary departure, based on Mishra's attempt to obtain a visa through a fraudulent marriage.
 
 
 13
 Mishra testified that he met Denise Miles shortly after coming to the United States, and abandoned his business plans when he fell in love with her. Mishra claimed they lived together one week prior to their marriage on May 8, 1989, but that the marriage had not been consummated because he discovered his wife was involved in drugs. They were separated one week after marrying, although a relative visa petition was not filed until May 27, 1988. They were divorced in January, 1989. An INS interview was held on February 28, 1989 in connection with the visa petition, at which Miles gave a statement that the couple had never lived together as husband and wife and never intended to do so. She also stated that Mishra had promised to pay her $20 to appear for the interview. Mishra denied these allegations but did not contest the admissibility of Miles' statement.
 
 
 14
 Mishra argues that neither the BIA nor IJ doubted his willingness to leave the United States promptly nor made specific findings that he was not of good moral character for at least five years preceding the application for voluntary departure. However, whether or not Mishra was of good moral character went to his statutory eligibility for voluntary departure, not the BIA's exercise of discretion.
 
 
 15
 "It is within the authority of the administrative decision-maker to evaluate the evidence and determine whether a marriage was contracted to evade immigration laws." Limsico, 951 F.2d at 214-215. The BIA's determination that the marriage was fraudulent is supported by substantial evidence. Id. We affirm the discretionary denial of voluntary departure.
 
 
 16
 The petition for review is DENIED.
 
 
 17
 ---------------
 
 
 
 * This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3.