Carlos Alberto
VILLANUEVA–FRANCO,
Petitioner

v.

IMMIGRATION AND NATURALIZA-
TION SERVICE, Respondent.

No. 85–7418.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted July 15, 1986.

Decided Oct. 10, 1986.

Marc Van Der Hout, Christine Brigagliano, San Francisco, Cal., for petitioner.

Eloise Rosas, David V. Bernal, Dept. of Justice, Washington, D.C., for respondent.

Before FARRIS, HALL and THOMPSON, Circuit Judges.

FARRIS, Circuit Judge:

Petitioner Carlos Alberto Villanueva-Franco, a citizen and native of Mexico, petitions for review of a final order of the Board of Immigration Appeals denying his application for voluntary departure. Deportation proceedings were initiated by issuance of an Order to Show Cause on July 22, 1983. Villanueva appeared before an Immigration Judge on December 13, 1983; his deportation hearing was completed on March 22, 1984. Villanueva conceded deportability, and requested voluntary departure under 8 U.S.C. § 1254(e). The IJ found Villanueva deportable for having entered without inspection in June 1977, and denied his application for voluntary departure. The denial was based on Villanueva's lack of good moral character due to his disregard for the laws of the United States between 1976 and 1983. 8 U.S.C. § 1101(f). Alternatively, the IJ denied the application for voluntary departure as a matter of discretion.

On appeal, the BIA affirmed the decision of the IJ, finding:

> Regardless of the respondent's statutory eligibility for the privilege of voluntary departure, in lieu of deportation, we agree with the immigration judge's decision to deny such relief in the exercise of discretion. We recognize [Villanueva's] several favorable equities including his several years' residence, family and community ties, and professed rehabilitation but find them outweighed by his extensive criminal record dating from at least 1976–1983. Therefore, we conclude that [Villanueva] does not merit the privilege of voluntary departure as a matter of discretion.

## FACTUAL BACKGROUND

The facts are not in dispute. Villanueva last entered the United States without inspection in 1977. In 1978, he married a United States citizen. The couple live in Santa Cruz, California with their son and Mrs. Villanueva's teenage son from a previous marriage.

Villanueva works as a welder and earns over $750.00 a week to support his wife and children. He helps subsidize his wife's educational costs at the University of California at Santa Cruz where Mrs. Villanueva is a Ph.D. candidate in sociology. Villanueva also assumes parenting responsibilities because his wife is a full-time student and is frequently unavailable to care for their youngest son.

In 1978, Mrs. Villanueva filed a visa petition on behalf of her husband as an immediate relative of an American citizen. That petition has been approved; however, a final consular interview in Mexico City has not been scheduled. To inquire of the status of the visa petition, Villanueva presented himself to INS officials. The petition's processing apparently had been delayed pending an investigation of Villanueva's

criminal history. The investigation revealed that Villanueva has had four misdemeanor convictions [1] and one drunk driving conviction between 1976 and 1979, one felony conviction for assaulting a police officer in 1979 that has been expunged, and three additional convictions for drunk driving between 1980 and 1983.

Villanueva attributes his arrests and convictions to alcoholism. He now has a counselor who verified that Villanueva is in counseling, and Mrs. Villanueva testified that he had not had a drink for about a year. Moreover, Villanueva claimed that his steady employment has eased many of the anxieties that contributed to his alcohol abuse. The record does *not* reflect total abstention.

## DISCUSSION

Under the Immigration and Nationality Act, the BIA is charged with broad discretionary powers in granting or denying a request for voluntary departure. The relevant statutory provision, 8 U.S.C. § 1254(e), provides in part:

> The Attorney General may, in his discretion, permit any alien under deportation proceedings ... to depart voluntarily from the United States at his own expense in lieu of deportation if such alien shall establish to the satisfaction of the Attorney General that he is, and has been, a person of good moral character for at least five years immediately preceding his application for voluntary departure....

██ Statutory eligibility does not entitle an alien to voluntary departure. To obtain voluntary departure, the alien carries the burden of demonstrating both statutory eligibility and equities to merit the favorable exercise of discretion. *Delgado-Chavez v. INS*, 765 F.2d 868, 869 (9th Cir.1985) (per curiam). An alien must show the ability to pay for his departure and good moral character. 8 U.S.C. § 1254(e). The Act sets out

eight circumstances precluding a finding of good moral character, and concludes with this sentence: "The fact that any person is not within any of the foregoing classes shall not preclude a finding that for other reasons such person is or was not of good moral character." 8 U.S.C. § 1101(f).

A finding that an alien was not of good moral character under Section 1101(f) within at least five years prior to applying for voluntary departure renders that person ineligible for voluntary departure. *Delgado-Chavez*, 765 F.2d at 869. Voluntary departure is a privilege, not a right. The grant or denial of relief remains in the broad discretion of the Attorney General. *Id.* at 869. "[I]f the Attorney General decides that relief should be denied as a matter of discretion, he need not consider whether the threshold statutory eligibility requirements are met." *INS v. Rios-Pineda*, 471 U.S. 444, 105 S.Ct. 2098, 2102, 85 L.Ed.2d 452 (1985) (citation omitted) (in the context of discretionary relief to reopen).

Villanueva contends that the BIA abused its discretion in denying his application for voluntary departure by failing to consider all of the relevant factors, by failing to provide a meaningful and reasoned basis for its decision, by considering acts committed outside the statutory five-year period, and by failing to determine whether he is statutorily eligible for voluntary departure. We review the denial of voluntary departure for an abuse of discretion. *Cuevas-Ortega v. INS*, 588 F.2d 1274, 1278 (9th Cir.1979). We examine only whether the BIA exercised discretion and whether the manner in which it was exercised was arbitrary or capricious. *Id.* See also *Parcham v. INS*, 769 F.2d 1001, 1003 (4th Cir. 1985).

We understand but reject Villanueva's contention that the BIA disregarded such relevant factors as his attempts to comply with immigration laws to legalize his status, his rehabilitation, and the impact of his

---

1. Villanueva's four misdemeanor convictions between 1976 and 1978 are: (1) exhibiting a weapon in a threatening manner in another person's presence; (2) violating a probation order by illegally entering the United States; (3) assaulting a peace officer; and (4) false imprisonment.

deportation on his family. The BIA reviewed his application *de novo* and recognized his "professed rehabilitation," and his "family and community ties," as favorable equities.

 Villanueva's contention that the Board abused its discretion in failing to provide a reasoned basis for its decision finds no support in the record. The Board set out its reasons for denying relief: it concluded that the favorable equities did not outweigh the extensive criminal record. Although we have required the Board to provide more than "[m]ere conclusory statements", *Dragon v. INS*, 748 F.2d 1304, 1306 (9th Cir.1984), all that is necessary is a decision that sets out terms sufficient to enable us as a reviewing court to see that the Board has heard, considered, and decided. *See Osuchukwu v. INS*, 744 F.2d 1136, 1142–43 (5th Cir.1984).

Villanueva argues that the Board *impermissibly* considered convictions or acts beyond the five-year period. We disagree. "The five-year period is not a statute of limitations; it is merely a threshold requirement for relief." *Hibbert v. INS*, 554 F.2d 17, 20 (2d Cir.1977) (citation omitted). *See also Delgado-Chavez*, 765 F.2d at 869 (BIA may consider alien's conviction and other adverse conduct in the exercise of discretion); *Parcham*, 769 F.2d at 1005 (evidence of conduct without conviction may be considered). The five year period is "necessary but not sufficient for a finding of good moral character." *Hibbert*, 554 F.2d at 20 n. 2. The BIA rested its denial of voluntary deportation on discretionary grounds, not on statutory eligibility. In *Rios-Pineda*, the Supreme Court held that notwithstanding statutory eligibility, the BIA may properly deny relief as a matter of discretion as long as "the ... explanation of its decision was grounded in legitimate concerns about the administration of immigration laws and was determined on the basis of the particular conduct of respondents." *Rios-Pineda*, 105 S.Ct. at 2103. Here the denial of relief was premised on Villanueva's past criminal acts. His relatively recent convictions constitute legitimate concerns for the administration of the immigration laws. The BIA did not err, on this record, in considering Villanueva's criminal record as a basis for denying discretionary relief.

## CONCLUSION

We find no abuse of discretion. The petition is DENIED.