988 F.2d 121
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Marvin Antonio SANCHEZ-SANDIGO, Petitioner,
v.
UNITED STATES IMMIGRATION AND NATURALIZATION SERVICE, Respondent.
 No. 91-70548.
 United States Court of Appeals, Ninth Circuit.
 Submitted Feb. 22, 1993.*
Decided March 1, 1993.
 
 On Petition for Review of an Order of the Board of Immigration Appeals, INS No. 0971-3:A29-417-851.
 BIA
 PETITION DENIED.
 Before GOODWIN, SCHROEDER and CANBY, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Marvin Antonio Sanchez-Sandigo, a native and citizen of Nicaragua, petitions for review of the Board of Immigration Appeals' ("BIA") dismissal of his appeal of the Immigration Judge's ("IJ") decision finding him deportable and denying his application for voluntary departure. We have jurisdiction pursuant to 8 U.S.C. § 1105a and we deny the petition for review.
 
 
 3
 Sanchez-Sandigo contends that the BIA erred by denying his application for voluntary departure because it failed to consider all the relevant factors in his case or properly explain the basis of its denial.
 
 
 4
 We review the denial of voluntary departure for an abuse of discretion. Villanueva-Franco v. INS, 802 F.2d 327, 329 (9th Cir.1986). "We examine only whether the BIA exercised its discretion and whether the manner in which it was exercised was arbitrary or capricious." Id. The BIA "need only support its conclusion with a reasoned explanation based on legitimate concerns." Abedini v. INS, 971 F.2d 188, 193 (9th Cir.1992).
 
 
 5
 To be eligible for voluntary departure, the applicant carries the burden of demonstrating that he has been of good moral character for at least the five years preceding his application. 8 U.S.C. § 1254(e); Abedini, 971 F.2d at 192. Additionally, the applicant also must show equities that merit the favorable exercise of discretion. Id. In reviewing an application for voluntary departure, the BIA may consider favorable equities such as the length of residence in the country, any close family ties or other humanitarian needs. See Matter of Gamboa, 14 I & N Dec. 244 (BIA 1972). There is no entitlement to voluntary departure, however, and even if an alien establishes eligibility, it is a privilege, not a right and rests with the sound discretion of the Attorney General. Villanueva-Franco, 802 F.2d at 329.
 
 
 6
 Here, in denying Sanchez-Sandigo's application, the BIA noted that he has lived in the United States only a short time, that his immediate family resides in Nicaragua, and that his testimony before the IJ lacked credibility. The BIA did not explicitly consider any favorable equities in Sanchez-Sandigo's case. No equities, however were brought to the attention of the BIA in Sanchez-Sandigo's brief on appeal, nor were they developed before the IJ at Sanchez-Sandigo's hearing. Accordingly, because Sanchez-Sandigo failed to carry his burden of demonstrating that the equities in his case favored the granting of voluntary departure, the BIA did not abuse its discretion by denying his application. See Abedini, 971 F.2d at 192.
 
 
 7
 Sanchez-Sandigo also contends that the BIA improperly failed to distinguish whether its denial of his application was based on statutory or discretionary grounds. Thus, he asserts that the BIA never made a finding as to whether Sanchez-Sandigo actually submitted false testimony at his deportation hearing or whether he simply lacked credibility. See 8 U.S.C. § 1101(f)(6) (aliens found to have given false testimony for the purpose of obtaining immigration benefits are statutorily precluded from obtaining voluntary departure). We find, however, that given the BIA's consideration of the various factors in Sanchez-Sandigo's case, the BIA's denial was based on discretionary grounds. Accordingly, contrary to Sanchez-Sandigo's contention, the BIA did not need to make a finding as to whether Sanchez-Sandigo submitted false testimony before the IJ. The BIA is not required to address statutory eligibility if it denies relief as a matter of discretion. Villanueva-Franco, 802 F.2d at 329.
 
 
 8
 Given these circumstances, the BIA supported its denial of Sanchez-Sandigo's application for voluntary departure with a reasoned explanation that was based on legitimate concerns. See Abedini, 971 F.2d at 193.
 
 
 9
 PETITION FOR REVIEW DENIED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3