15 F.3d 1088
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 Rhodora QUIRANTE-MESINA, Petitioner,
v.
IMMIGRATION AND NATURALIZATION SERVICE, Respondent.
 No. 92-70447.
 United States Court of Appeals, Ninth Circuit.
 Submitted Jan. 7, 1994.*
Decided Jan. 12, 1994.
 
 1
 Before: GOODWIN, HALL, Circuit Judges, and TANNER, District Judge.**
 
 
 2
 MEMORANDUM***
 
 
 3
 Rhodora Quirante-Mesina, a native of the Philippines, petitions for review of the Board of Immigration Appeals' ("BIA") dismissal of her appeal of the Immigration Judge's ("IJ") decision denying her application for voluntary departure. We have jurisdiction pursuant to 8 U.S.C. 1105(a) and we deny the petition for review.
 
 I.
 
 4
 Quirante argues that the BIA erred in denying her application for voluntary departure because it improperly relied on unsupported factors such as her prior misrepresentations to immigration officials and the IJ's finding that she lacked credibility. We review discretionary denials of voluntary departure for an abuse of discretion. Abedini v. INS, 971 F.2d 188, 191 (9th Cir.1992).
 
 
 5
 To be eligible for voluntary departure, an applicant must prove that she has been of good moral character for at least the five years preceding the application. 8 U.S.C. Sec. 1254(e). In addition, the applicant must show equities merit the favorable exercise of discretion. Abedini, 971 F.2d at 193. Even if the alien establishes eligibility, there is no right to voluntary departure and the ultimate decision rests firmly within the discretion of the Attorney General. Villanueva-Franco v. INS, 802 F.2d 327, 329 (9th Cir.1986).
 
 
 6
 Here, in denying Quirante's application, the BIA relied largely on her repeated offerings of false information to immigration officials in order to enter and remain in the United States.[1] Quirante admits to having lied about her immigration status to authorities during her initial detention in 1985. At various times during her detention, she falsely told authorities that she had documents such as a green card or passport and that her immigration status was that of a tourist. The record also supports the IJ's conclusion that Quirante made material misrepresentations to authorities in the Philippines in order to procure a transit visa to come to the United States.[2]
 
 
 7
 The BIA also based its decision on the IJ's negative credibility determination of Quirante's hearing testimony regarding her efforts to enter and remain in this country. The IJ based this determination on Quirante's physical demeanor on the witness stand and the conflicting and evasive nature of her testimony. We find that the IJ's credibility determination is supported by a "specific, cogent reason" based on the record and is therefore entitled to substantial deference. See Berroteran-Melendez v. INS, 955 F.2d 1251, 1256 (9th Cir.1992).
 
 
 8
 In reaching its decision, the BIA fully met its obligation of weighing both the positive and negative factors relating to Quirante's application. The BIA properly balanced the negative factors discussed above with Quirante's strong family ties in the United States and her lack of a criminal record. The BIA provided a reasonable explanation based on legitimate concerns and thus its ultimate denial of voluntary departure was not an abuse of discretion.
 
 
 9
 The petition for review is DENIED.
 
 
 
 *
 This panel unanimously agrees that this case is appropriate for submission without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 The Honorable Jack E. Tanner, Senior District Judge for the Western District of Washington, sitting by designation
 
 
 ***
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Quirante's argument that the BIA abused its discretion cites Mabugat v. INS, 937 F.2d 426, 433 (9th Cir.1991), for the proposition that heavy reliance on a single factor can infect the entire balancing process. This argument is without merit given the factual dissimilarities that exist between Mabugat and the present case
 
 
 [2]
 To obtain a transit visa, which allowed her to remain in the United States for only two days, Quirante told Philippine immigration officials that she just wanted to visit. However, she later testified that her intent in coming to the United States was to remain with her family