15 F.3d 1086
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 Corozon Samadan LAMB, Petitioner,
v.
IMMIGRATION & NATURALIZATION SERVICE, Respondent.
 No. 92-70568.
 United States Court of Appeals, Ninth Circuit.
 Submitted Jan. 14, 1994.*
Decided Jan. 24, 1994.
 
 Before: GOODWIN, WIGGINS, and BRUNETTI, Circuit Judges:
 
 
 1
 MEMORANDUM**
 
 
 2
 Appellant Corazon Samadan Lamb, a native and citizen of the Philippines, seeks review of the Board of Immigration Appeals ("BIA") decision which dismissed her appeal of an Immigration Judge's ("IJ's") denial of her request for relief from deportation in the form of voluntary departure. By delegation from the Attorney General, immigration judges and the BIA are empowered with discretionary authority to grant voluntary departure where the alien meets the statutory criteria and demonstrates equities meriting the favorable exercise of discretion. 8 U.S.C. Sec. 1254(e) (1992); 8 C.F.R. Sec. 244 (1993); Villanueva-Franco v. INS, 802 F.2d 327, 329 (9th Cir.1986).
 
 
 3
 In examining Lamb's appeal, the BIA bypassed the issue of statutory criteria and found on de novo review that the IJ's denial of her petition had been a proper exercise of discretion.
 
 
 4
 We review the BIA's refusal to grant voluntary departure for abuse of discretion only. Abedini v. INS, 971 F.2d 188, 191 (9th Cir.1992). We examine "whether the [BIA] actually exercised its discretion and whether it did so in an arbitrary and capricious manner." Id. at 193.
 
 
 5
 The BIA agreed with the IJ's determination that Lamb entered into a marriage with her then-husband McDonald solely to obtain immigration benefits. In making this judgment, the BIA undertook a careful, considered review of the record, beginning with the IJ's negative credibility findings. The BIA further found that Lamb and McDonald had failed to explain adequately McDonald's earlier, inconsistent sworn statements, and found in its own judgment both that the testimony of Lamb and McDonald lacked credibility and that the two arguably independent affidavits Lamb presented did not suffice to convince it otherwise. The BIA concluded with an examination of the equities, noting that Lamb had lived in the United States for only two years at the time of her deportation hearing, that the vast bulk of her family resided in the Philippines, and that her employment arrangements were questionable.
 
 
 6
 Lamb's arguments to this court lack even facial merit. Lamb contends that the BIA failed to consider the affidavits of two allegedly disinterested witnesses, but the plain language of the BIA decision indicates the contrary. Lamb also contends that no substantial evidence supported the BIA's negative credibility finding, but again the plain language of the decision indicates that a considered review of the hearing transcript underlay the BIA's finding.
 
 
 7
 The BIA did not abuse its discretion in dismissing Lamb's appeal.
 
 
 8
 In order to allow Lamb to seek a stay of deportation from the BIA pending its decision on her current motion to reopen, we stay our mandate for 30 days. See Berroteran-Melendez v. INS, 955 F.2d 1251, 1255, 1258 (9th Cir.1992).
 
 
 9
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); Circuit Rule 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3