26 F.3d 132
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Ramon PINEDO-GAETA, Petitioner,
v.
IMMIGRATION & NATURALIZATION SERVICE, Respondent.
 No. 93-70518.
 United States Court of Appeals, Ninth Circuit.
 Submitted June 9, 1994.*
Decided June 14, 1994.
 
 Before: D.W. NELSON, BEEZER and KOZINSKI, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Pinedo-Gaeta, a native and citizen of Mexico, petitions for review of a decision of the Board of Immigration Appeals ("BIA") denying his application for a waiver of deportability pursuant to Sec. 212(c) of the Immigration and Naturalization Act, 8 U.S.C. Sec. 1182(c). The Immigration Judge ("IJ") determined that Pinedo-Gaeta was deportable pursuant to Sec. 241(a)(2)(B)(i) of the INA, 8 U.S.C. Sec. 1251(a)(2)(B)(i), as an alien convicted of a controlled substance violation, namely for being under the influence of PCP in violation of California law. The IJ also determined that Pinedo-Gaeta did not merit a discretionary waiver because the positive factors on his behalf were outweighed by his "long-term criminal activity, serious and successional criminal acts in this country, drug abuse, gang membership and in effect little contribution to this country." The BIA dismissed the appeal based on the reasons set forth in the IJ's decision. We have jurisdiction pursuant to 8 U.S.C. Sec. 1105a(a) and deny the petition.
 
 
 3
 * We review the BIA's denial of Sec. 212(c) relief for an abuse of discretion. Ayala-Chavez v. INS, 944 F.2d 638, 642 (9th Cir.1991). We will set aside the decision to deny relief only if the BIA "fails to support its conclusions with a reasoned explanation based upon legitimate concerns." Vargas v. INS, 831 F.2d 906, 908 (9th Cir.1987). Although we ordinarily review only the BIA's decision, we review the IJ's decision when the BIA expressly adopts the IJ's reasoning. Yepes-Prado v. INS, 10 F.3d 1363, 1367 (9th Cir.1993).
 
 
 4
 The BIA determines whether an applicant merits Sec. 212(c) relief by "balanc[ing] the adverse factors evidencing an alien's undersirability as a permanent resident with the social and humane considerations presented in his behalf." Ayala-Chavez, 944 F.2d at 641 (quoting In re Marin, 16 I & N Dec. 581, 584 (BIA 1978)). An applicant whose record reflects a pattern of serious criminal activity or who has been convicted of serious drug offenses must demonstrate the presence of unusual or outstanding equities. Id.
 
 
 5
 * Pinedo-Gaeta challenges the IJ's weighing of the evidence. Specifically, he argues that the IJ failed to properly evaluate and to take into account his efforts at rehabilitation.
 
 
 6
 Pinedo-Gaeta's contention is without merit. The IJ's oral decision addressed all of the relevant favorable factors presented on his behalf, including his twenty-four year residency in the United States beginning at age four, his family contacts in the United States, the lack of a close relationship to his father and his father's family in Mexico, his recent marriage to a United States citizen and his employment history. Contrary to his contention, the IJ also considered evidence of Pinedo-Gaeta's rehabilitation. Apparently accepting his "innocent bystander" explanation for the 1992 PCP-related offense, the IJ credited Pinedo-Gaeta's assertion that he had stopped using drugs several years prior to the hearing.[1] The IJ also considered favorable testimony from Pinedo-Gaeta's mother, despite noting her unfamiliarity with the nature and extent of her son's criminal activity. The IJ, moreover, fully credited Pinedo-Gaeta's testimony concerning his recent religious awakening and his intention to be baptized into the Jehovah's Witness faith.
 
 
 7
 In spite of these favorable factors, the IJ concluded that, taken as a whole, "the record and the facts presented show a disregard for the laws of this country." In reaching this conclusion, the IJ properly considered Pinedo-Gaeta's criminal record, including seven misdemeanor convictions or referrals to an alternative diversion program[2] for offenses involving PCP during the period from January 1985 to January 1992, as well as convictions for battery, disturbing the peace and for causing bodily injury while driving under the influence of PCP. Noting the serious social problems associated with gang activity, especially in the Los Angeles area, the IJ also properly considered Pinedo-Gaeta's admission to having been a member of a well-known street gang.
 
 
 8
 The IJ properly concluded that the record demonstrated a "pattern of serious criminal misconduct," requiring, under Ayala-Chavez, a showing of unusual or outstanding equities. The IJ found that the equities on Pinedo-Gaeta's behalf, though weighty, failed to rise to this level. We conclude that the IJ supported his "conclusions with a reasoned explanation based upon legitimate concerns." Vargas, 831 F.2d at 908. Even on the assumption that the IJ fully credited Pinedo-Gaeta's testimonial evidence of rehabilitation, we note that the BIA has never considered this factor, standing alone, conclusive. See In re Edwards, Interim Decision 3134, at 8 (BIA 1990). The IJ considered all of the relevant facts; "that [he] did not consider them overwhelming does not affect our decision." Hassan v. INS, 927 F.2d 465, 468 (9th Cir.1991).
 
 B
 
 9
 We also reject Pinedo-Gaeta's contention that the IJ's reference to his wife's failure to appear at the hearing constituted consideration of an improper or irrelevant factor requiring remand. See Yepes-Prado, 10 F.3d at 1366. The IJ's remark was made in context of referring to Pinedo-Gaeta's failure to provide documentary evidence to substantiate most of his claims, including the claim that he had recently married a United States citizen. In any event, the IJ denied the Sec. 212(c) application on the assumption that Pinedo-Gaeta was testifying truthfully. Pinedo-Gaeta's petition for review is DENIED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); Ninth Circuit Rule 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or used by the courts of this circuit except as provided by Ninth Circuit Rule 36-3
 
 
 [1]
 The extent to which the IJ credited Pinedo-Gaeta's testimony cannot be determined from this record. Pinedo-Gaeta admitted to the conduct underlying the 1989 PCP offense that was the basis for the Order to Show Cause, despite otherwise testifying that he had not used drugs since 1988. The finding that Pinedo-Gaeta was deportable logically negates the IJ's fully crediting Pinedo-Gaeta's testimony on this matter. Although we ordinarily remand when the BIA has failed to make an express credibility determination, when the agency is silent on credibility but explains the rationale for its decision, we presume the agency to have found the petitioner credible. Damaize-Job v. INS, 787 F.2d 1332, 1338 (9th Cir.1986)
 
 
 [2]
 The BIA may properly consider evidence of relevant criminal conduct that does not result in conviction. Villanueva-Franco v. INS, 802 F.2d 327, 330 (9th Cir.1986)