33 F.3d 61
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Mario VALENZUELA-CASTRO, Petitioner,
v.
IMMIGRATION AND NATURALIZATION SERVICE, Respondent.
 No. 93-70042.
 United States Court of Appeals, Ninth Circuit.
 Submitted Aug. 5, 1994.*
Decided Aug. 9, 1994.
 
 Before: BROWNING, FARRIS, and LEAVY, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Mario Valenzuela-Castro ("Castro") petitions for review of an order of the Board of Immigration Appeals (the "Board") denying his application for a waiver of deportation pursuant to section 212(c) of the Immigration and Nationality Act ("INA"), 8 U.S.C. Sec. 1182(c). Castro claims the Board abused its discretion in denying him relief under section 212(c). He also argues that a conviction for being under the influence of a controlled substance is not an offense subject to deportation under section 241(a)(11) of the INA, 8 U.S.C. Sec. 1251(a)(11).
 
 
 3
 A denial of section 212(c) discretionary relief is reviewed for an abuse of discretion. Ayala-Chavez v. INS, 831 F.2d 906, 908 (9th Cir.1987). After reviewing the record, the Board affirmed the Immigration Judge "based upon and for the reasons set forth in [the immigration judge's] decision." Castro argues that the "Board's decision to deny him relief without any explanation other than a blanket adoption of the immigration court's findings and conclusions constituted arbitrary and capricious conduct[.]" But the Board need not have done more. We have said that "all that is necessary is a decision that sets out terms sufficient to enable us as a reviewing court to see that the Board has heard, considered, and decided." Villanueva-Franco v. INS, 802 F.2d 327, 330 (9th Cir.1986). The Board stated that it had reviewed the record and the contentions on appeal, and then adopted the reasoning of the immigration judge. The Board neither abused its discretion nor acted in an arbitrary and capricious manner. The petitioner was put squarely on notice as to the reasons for the denial of relief.
 
 
 4
 Castro argues that his conviction for being under the influence of heroin was not a legal basis for deportation under section 241(a)(11). However, at the deportation hearing, Castro conceded there was a legal basis for his deportation based upon his conviction. Administrative Record at 31. He did not challenge this finding on appeal to the Board. "Failure to raise an issue in an appeal to the [Board] constitutes a failure to exhaust remedies with respect to that question and deprives this court of jurisdiction to hear the matter." Vargas v. United States Dep't of Immigration, 831 F.2d 907, 907-08 (9th Cir.1987).
 
 
 5
 PETITION DENIED.
 
 
 
 *
 The panel unanimously finds this case suitable for submission on the record and briefs and without oral argument. Fed.R.App.P. 34(a) and Ninth Circuit Rule 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3