33 F.3d 59
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Zoila Maribel MORAN-ARRUE, Petitioner,
v.
IMMIGRATION AND NATURALIZATION SERVICE, Respondent.
 No. 93-70413.
 United States Court of Appeals, Ninth Circuit.
 Submitted Aug. 3, 1994.
Decided Aug. 10, 1994.
 
 Before: WALLACE, Chief Judge, HUG and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Zoila Maribel Moran-Arrue, a native and citizen of El Salvador, petitions pro se for review of the Board of Immigration Appeals' ("BIA") dismissal of her appeal from the immigration judge's ("IJ") decision finding her deportable as charged and denying her (1) application for asylum and withholding of deportation, and (2) alternative application for voluntary departure. We have jurisdiction under 8 U.S.C. Sec. 1105a(a), and we deny the petition for review.
 
 
 3
 * Asylum
 
 
 4
 This court reviews the BIA's denial of asylum under section 208(a) of the Immigration and Nationality Act ("Act") for an abuse of discretion. Berroteran-Melendez v. INS, 955 F.2d 1251, 1255 (9th Cir.1992). The BIA's factual findings, including credibility findings as to whether an alien had a well-founded fear of persecution, are reviewed for substantial evidence. Id. We will reverse the BIA's decision only if the alien's evidence was such that no reasonable factfinder could fail to conclude that the requisite fear of persecution existed. Abedini v. INS, 971 F.2d 188, 191 (9th Cir.1992).
 
 
 5
 Section 208(a) of the Act authorizes the Attorney General, in his or her discretion, to grant asylum to an alien who is a "refugee." 8 U.S.C. Sec. 1158(a). A "refugee" is an alien who is unable or unwilling to return to his or her home country "because of persecution or a well-founded fear of persecution on account of ... political opinion." 8 U.S.C. Sec. 1101(a)(42)(A).
 
 
 6
 The alien bears the burden of establishing eligibility for asylum. See 8 C.F.R. Sec. 208.13(a) (1990); Berroteran-Melendez, 955 F.2d at 1255. To establish a well-founded fear of persecution, the alien must show both a subjectively genuine and objectively reasonable fear. Berroteran-Melendez, 955 F.2d at 1256 (citations omitted). The alien's "candid, credible, and sincere testimony" showing a genuine fear of persecution satisfies the subjective component. See Blanco-Comarribas v. INS, 830 F.2d 1039, 1042 (9th Cir.1987) (quotations omitted). The objective component requires "credible, direct, and specific evidence in the record, of facts that would support a reasonable fear" that the alien faces persecution. Rodriguez-Rivera v. INS, 848 F.2d 998, 1002 (9th Cir.1988) (per curium) (quotations and emphasis omitted). Where corroborating evidence is unavailable, an alien's testimony alone will suffice to prove a well-founded fear if it is "credible, persuasive, and specific." Limsico v. INS, 951 F.2d 210, 212 (9th Cir.1991).
 
 
 7
 The BIA concluded after a de novo review of the record that Moran-Arrue's testimony was insufficient to establish that she has a well-founded fear of persecution. This finding is supported by substantial evidence. Moran-Arrue testified that she fears the death squads in El Salvador because four of her relatives were guerillas and that these relatives and some of their friends stayed with Moran-Arrue's family for two weeks in 1983. Moran-Arrue also testified, however, that her parents and ten sibling remain in El Salvador and that neither she nor any of her relatives have ever been threatened or harmed.[1] The BIA found that Moran-Arrue's claim that she feared for her life because some of her relatives were guerillas is belied by the fact that she remained in El Salvador for eight years after her relatives' stay and by her testimony that neither she nor any of her immediate family have ever been threatened or harmed.
 
 
 8
 We affirm the BIA's denial of Moran-Arrue's application for asylum because the evidence presented by Moran-Arrue would not compel a reasonable factfinder to find the requisite fear of persecution. See Abedini, 971 F.2d at 191.
 
 
 9
 Because Moran-Arrue failed to demonstrate a well-founded fear of persecution, she also failed to satisfy the higher standard of "clear probability of persecution" required for withholding of deportation. See Acewicz v. INS, 984 F.2d 1056, 1062 (9th Cir.1993). Thus, the BIA did not err by denying Moran-Arrue's request for withholding of deportation. See id.
 
 II
 Voluntary Departure
 
 10
 The denial of a request for voluntary departure under section 244(e) of the Act, 8 U.S.C. Sec. 1254(e), is reviewed for an abuse of discretion. Villanueva-Franco v. INS, 802 F.2d 327, 329 (9th Cir.1986). Because the BIA's decision to grant voluntary departure is discretionary, this court "may examine only whether the [BIA] actually exercised its discretion and whether it did so in an arbitrary and capricious manner." Abedini, 971 F.2d at 193. Where, as here, the BIA does not purport to exercise its discretion, but merely concludes the IJ did not err by exercising his discretion, this court reviews the IJ's decision. See Campos-Granillo v. INS, 12 F.3d 849, 852 (9th Cir.1994).
 
 
 11
 Under 8 U.S.C. Sec. 1254(e), the attorney general has the authority to grant voluntary departure in lieu of deportation. The attorney general has discretion to grant such relief where the alien shows that he is a person of good moral character for at least five years preceding the request for voluntary departure. 8 U.S.C. Sec. 1254(e). The attorney general has delegated to immigration judges the authority to grant voluntary departure provided the alien meets the statutory requirements, has the ability to depart the United States at his own expense, and shows equities meriting such treatment. See 8 C.F.R. Sec. 244.1; Abedini, 971 F.2d at 192-93. In exercising his discretion to grant or deny voluntary departure, an IJ must "weigh favorable and unfavorable factors by 'evaluat[ing] all of them, assigning weight or importance to each one separately and then to all of them cumulatively.' " Campos-Granillo, 12 F.3d at 852 (quoting In re Edwards, Int.Dec. 3134 (BIA 1990)).[2] "Mere conclusory statements by the IJ are insufficient--the reviewing court must see that the petitioner's claims have been heard, considered and decided." Id. (quotations omitted).
 
 
 12
 Here, the IJ denied Moran-Arrue's request for voluntary departure based on (1) his belief that Moran-Arrue "filed a frivolous as well as blatantly false application," and (2) his opinion that Moran-Arrue does not intend to leave the United States unless she is required specifically to do so. Although the IJ did not consider any positive factors when making his discretionary decision not to grant voluntary departure, we find that Moran-Arrue failed to show any equities meriting such treatment. In favor of voluntary departure, Moran-Arrue merely stated that (1) she had sufficient funds to depart the United States and would do so voluntarily, and (2) she had never been deported or convicted of a crime. Because Moran-Arrue failed to show any equities meriting voluntary departure, the IJ did not abuse his discretion by denying her request for voluntary departure. See Abedini, 971 F.2d at 192-193.
 
 
 13
 PETITION FOR REVIEW DENIED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Moran-Arrue did testify that two of her sister's in-laws had been killed in El Salvador
 
 
 [2]
 Favorable factors include: 1) family ties in the United States; 2) residence of long duration (particularly when residence began at a young age); 3) hardship to the petitioner or petitioner's family if relief is not granted; 4) service in the United States armed forces; 5) a history of employment; 6) the existence of business or property ties; 7) evidence of value and service to the community; 8) proof of rehabilitation where a criminal record exists; 9) other evidence attesting to good character. Campos-Granillo, 12 F.3d at 852 n. 8
 Unfavorable factors include: 1) the nature and underlying circumstances of the exclusion or deportation ground at issue; 2) additional violations of the immigration laws; 3) the existence, seriousness, and recency of any criminal record; 4) other evidence of bad character of or other undesirability of the applicant as a permanent resident. Id.