62 F.3d 1424
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Orlando JAIME-LUMBIS; Aura Pajita De Jesus Jiron De Jaime, Petitioners,
v.
IMMIGRATION AND NATURALIZATION SERVICE, Respondent.
 Nos. 94-70499.
 United States Court of Appeals, Ninth Circuit.
 Submitted July 10, 1995.*
Decided July 31, 1995.
 
 Before: HALL, WIGGINS, and LEAVY, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Orlando Jaime-Lumbis (Orlando) and his wife, Aura Pajita de Jesus Jiron de Jaime (Aura), natives and citizens of Nicaragua, petition for review of the Board of Immigration Appeals' order affirming the immigration judge's denial of their requests for asylum (8 U.S.C. Sec. 1158(a)) and Orlando's request for voluntary departure.[1]
 
 
 3
 First, the petitioners claim they are entitled to asylum based on their well-founded fear of persecution. We disagree with the petitioners' contention that the BIA's decision to deny their requests for asylum and withholding of deportation was not supported by substantial evidence. The BIA correctly found that the petitioners' claims of future persecution had been rendered moot by the change in governmental power in Nicaragua. The petitioners' argument that they would still face significant problems if returned to Nicaragua is unpersuasive.
 
 
 4
 The BIA also correctly found that the petitioners had failed to demonstrate past persecution warranting the grant of asylum. We agree with the BIA that the loss of lucrative employment opportunities in retaliation for a refusal to comply with the party in power does not rise to the level of persecution. We also agree with the BIA's determination that problems encountered by other family members were not sufficiently connected to permit the inference that petitioners themselves were being targeted. Further, we do not find that the BIA improperly found that petitioners' family members were not harassed under the Chamarro regime. The petitioners bear the burden of demonstrating that they themselves or someone similarly situated had a reasonable fear of persecution warranting asylum. Desir v. Ilchert, 840 F.2d 723, 729 (9th Cir. 1988).
 
 
 5
 The BIA's conclusion that the petitioners failed to demonstrate persecution on the basis of their political beliefs under INS v. Elias-Zacarias, 502 U.S. 478 (1992), is supported by substantial evidence. The record supports the conclusion that the petitioners were deprived of economic benefits due to their lack of cooperation, not because of their political beliefs. As the BIA points out, we have held that conditions affecting an entire population do not constitute a sufficient basis to establish a well-founded fear of persecution. Sanchez-Trujillo v. INS, 801 F.2d 1571, 1581 (9th Cir. 1986).
 
 
 6
 The BIA's conclusion that Orlando was not entitled to voluntary departure was not an abuse of discretion. Orlando's argument ignores the two-prong aspect of the analysis of a petitioner's request for voluntary departure under Villanueva v. INS, 802 F.2d 327 (9th Cir. 1986). The petitioner must first establish statutory eligibility for voluntary departure before the Board considers the petitioner's entitlement to a favorable exercise of discretion. Id. at 329. Here, the petitioner contends the BIA erred in finding that Orlando did not have good moral character because of his 1977 deportation. Orlando argues that the BIA improperly considered charges against him regarding burglary and oral copulation with a minor. His argument focuses on the ultimate disposition of these charges. However, his analysis that he is statutorily eligible is rendered moot by the BIA's discretionary denial of his request for voluntary departure.
 
 
 7
 The BIA states that it based its denial of Orlando's request on its discretionary conclusion that Orlando was not entitled to voluntary departure because of his 1977 deportation. Orlando erroneously contends that 8 U.S.C. Sec. 1254(e) renders the BIA's consideration of his 1977 deportation impermissible. However, we have held that, in exercising its discretion, the BIA is not bound by a time constriction:
 
 
 8
 "The five-year period is not a statute of limitations; it is merely a threshold requirement for relief."
 
 
 9
 Villanueva, 802 F.2d at 330 (quoting Hibbert v. INS, 554 F.2d 17, 20 (2d Cir. 1977)). In Orlando's situation, as in Villanueva's, the BIA rested its denial on its discretionary conclusion that the petitioner was not entitled to voluntary departure. We do not find that the BIA erred in denying, in its discretion, Orlando's request.
 
 
 10
 Thus, having found the arguments of Orlando and Aura to be without merit, we DENY the petition for review.
 
 
 
 *
 The panel unanimously finds this case suitable for submission on the record and briefs and without oral argument. Fed. R. App. P. 34(a) and Ninth Circuit Rule 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3
 
 
 [1]
 Aura's request for voluntary departure was granted; thus, on appeal, only Orlando's request is at issue