114 F.3d 1194
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Luis Salvador MARTINEZ, Petitioner,
v.
IMMIGRATION AND NATURALIZATION SERVICE, Respondent.
 No. 96-70225.
 United States Court of Appeals, Ninth Circuit.
 Submitted May 19, 1997.*
Decided May 21, 1997.
 
 Before: FLETCHER, REINHARDT, and FERNANDEZ, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Luis Salvador Martinez, a native and citizen of El Salvador, petitions pro se for review of the Board of Immigration Appeals' (BIA) dismissal of his appeal from an immigration judge's decision. The BIA denied his application for asylum under 8 U.S.C. § 1158(a) and concluded that he was not eligible for withholding of deportation under 8 U.S.C. § 1253(h). We deny.
 
 
 3
 The BIA did not abuse its discretion[1] in denying Martinez's application for asylum under section 1158(a).[2] The BIA concluded that Martinez had not met his burden to show that he has a well-founded fear of persecution in El Salvador for his membership in a particular social group or because of a political opinion. The BIA properly considered that, although Martinez claims to be a member of a class of persons that is highly sought by both the guerrillas and the El Salvadoran government, men of military age, neither group sought him during his seventeen years of residence there. See Castillo v. INS, 951 F.2d 1117, 1122 (9th Cir.1991) (indicating that the BIA may consider periods of safe residence as substantial evidence of a lack of persecution). Although his grandparents may have suffered at the hands of the guerillas, Martinez offered no evidence to show that the guerillas have targeted him or even know of his existence. See INS v. Elias-Zacarias, 502 U.S. 478, 482 (1992). The BIA thus concluded that there was no evidence that he left El Salvador because he feared persecution, and that there was no evidence to support his claim that he would be persecuted upon return. The BIA provided a sufficiently detailed decision that laid out its reasoning, and its decision is supported by substantial evidence in the record. See Castillo, 951 F.2d at 1121. We cannot conclude that a reasonable fact finder would have been compelled to find that Martinez had a well-founded fear of persecution in El Salvador. See Elias-Zacarias, 502 U.S. at 481.
 
 
 4
 Martinez argues that the BIA erred by failing explicitly to mention the newspaper articles that he submitted. The BIA, however, need not mention in its decision each piece of evidence. See Villanueva-Franco v. INS, 802 F.2d 327, 330 (9th Cir.1986). And, in any event, the articles merely relay general accounts of violence in El Salvador; they do not indicate that Martinez, or individuals like him, should fear persecution there for membership in a certain group. See Elias-Zacarias, 502 U.S. at 482. Finally, the BIA was not, as Martinez contends, required to conduct an independent investigation to verify his factual assertions because they were not contested. See Ghaly, 58 F.3d at 1431 (indicating that the petitioner bears the burden of proof).
 
 
 5
 The Petitioner's right to voluntary departure is preserved.
 
 
 6
 DENIED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. See Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 We review for abuse of discretion the BIA's decision to deny an application for asylum or withholding of deportation. Prasad v. INS, 101 F.3d 614, 616 (9th Cir.1996). We lack jurisdiction to consider Martinez's challenges to the immigration judge's decision. See Ghaly v. INS, 58 F.3d 1425, 1430 (9th Cir.1995)
 
 
 [2]
 Because we agree with the BIA that Martinez failed to meet the standard for asylum under 8 U.S.C. § 1158(a) we, like the BIA, do not reach the issue of whether he met the higher standard of 8 U.S.C. § 1253(h). See INS v. Cardoza-Fonseca, 480 U.S. 421, 423-24 (1986); Ghaly, 58 F.3d at 1428-29