**Rodolfo Monroy BARIA, Petitioner,**

v.

**IMMIGRATION AND NATURALIZATION SERVICE, Respondent.**

**No. 00–71553, INS A27–257–347.
INS No. A27–257–347.**

United States Court of Appeals, Ninth Circuit.

Submitted Feb. 11, 2002*.

Decided Feb. 20, 2002.

Before B. FLETCHER, T.G. NELSON, and TALLMAN, Circuit Judges.

MEMORANDUM**

Rodolfo Monroy Baria, a native and citizen of the Philippines, petitions for review of an order of the Board of Immigration Appeals ("BIA") denying his motion to reopen prior BIA proceedings in which the BIA rescinded Baria's status as a resident alien. We have jurisdiction pursuant to 8 U.S.C. § 1105a(a),[1] and we grant the petition.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2). Consequently, to the extent Baria's letter of June 5, 2001 constitutes a request for oral argument, that request is denied.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9th Cir. R. 36–3.

1. The Illegal Immigration Reform and Immigrant Responsibility Act of 1996 ("IIRIRA"), Pub.L. No. 104–208, 110 Stat. 3009 (Sept. 30,

We review for abuse of discretion the BIA's denial of a motion to reopen. *See INS v. Abudu,* 485 U.S. 94, 104–05, 108 S.Ct. 904, 99 L.Ed.2d 90 (1988). To succeed on a motion to reopen, an alien must present evidence that is material and was "previously unavailable" in support of his claims. *See INS v. Doherty,* 502 U.S. 314, 326, 112 S.Ct. 719, 116 L.Ed.2d 823 (1992); 8 C.F.R. § 3.23(b)(3).

■ The BIA abused its discretion by considering only two of the four declarations Baria submitted with his motion. *Cf. Villanueva–Franco v. INS,* 802 F.2d 327, 330 (9th Cir.1986) (noting that the BIA decision must make it apparent that the BIA has fully heard and considered the relevant issues).

■ The BIA also abused its discretion by concluding that the evidence it did consider was not material because it was not "dispositive" of Baria's claim. *See Elias–Zacarias v. INS,* 921 F.2d 844, 854 n. 13 (9th Cir.1990) (noting that evidence is material if it "tend[s] to strengthen the alien's claim for relief ....")

The BIA also abused its discretion by concluding that Baria had "not presented any evidence regarding any of [the procedural requirements of *Matter of Lozada,* 19 I. & N. Dec. 637 (BIA 1988) ]." *Cf. Villanueva–Franco,* 802 F.2d at 330. To the contrary, Baria submitted evidence that he did not inform his former counsel, Aurelio Arnobit, Jr., of his allegations because he could not locate Arnobit, and that he did not file a complaint with the bar because Arnobit was already disbarred.

To the extent Baria's motion to reopen was based on claims that the BIA violated

his due process rights in its August 25, 1993 decision, his motion was untimely. It was too late for a motion to reconsider (*see* 8 CFR 3.2(b)(2)), and it is inappropriate to argue errors of law in a motion to reopen (*see* 8 CFR 3.2(c)(2)).

The BIA properly refused to consider Baria's second motion to reopen. *See* 8 C.F.R. § 3.2(c)(2); *Bolshakov v. INS,* 133 F.3d 1279, 1281 (9th Cir.1998).

We remand for the BIA to reconsider Baria's initial motion to reopen in light of all the evidence submitted.

PETITION FOR REVIEW GRANTED.

---

1996), replaced this section with a new judicial review provision codified at 8 U.S.C. § 1252. Under IIRIRA's transitional rules, however, this new provision does not apply to proceedings initiated prior to April 1, 1997

that result in a final deportation order entered after October 30, 1996. We therefore continue to exercise jurisdiction over Baria's action under 8 U.S.C. § 1105a(a). IIRIRA

---

§ 309(c)(1); *Kalaw v. INS,* 133 F.3d 1147, 1150–51 (9th Cir.1997).

