Jose Juan **NARANJO VASQUEZ;**
et al., Petitioners,

v.

Alberto R. **GONZALES, Attorney**
**General, Respondent.**

No. 06–70914.

United States Court of Appeals,
Ninth Circuit.

Submitted Aug. 13, 2007.[*]

Filed Aug. 22, 2007.

Jose Juan Naranjo Vasquez, La Puenta, CA, pro se.

CAC–District Counsel, Esq., Office of the District Counsel, Department of Homeland Security, Los Angeles, CA, Ronald E. Lefevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Kurt B. Larson, Esq., David E. Dauenheimer, Esq., U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: KLEINFELD, SILVERMAN, and M. SMITH, Circuit Judges.

MEMORANDUM [**]

Jose Juan Naranjo Vasquez and Margarita Naranjo, husband and wife and natives and citizens of Mexico, petition pro se for review of the decision of the Board of

---

[*] This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

[**] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

Immigration Appeals denying their application for cancellation of removal.

Petitioners contend that the BIA err in determining that they lacked the requisite exceptional and extremely unusual hardship to their three United States citizen children. Petitioners also allege due process and equal protection violations in the BIA's denial of their application.

We lack jurisdiction to review the discretionary determination that petitioners failed to show exceptional and extremely unusual hardship to their qualifying relatives. *See Romero–Torres v. Ashcroft*, 327 F.3d 887, 892 (9th Cir.2003).

Petitioners' contention that their equal protection rights were violated by the Nicaraguan Adjustment and Central American Relief Act and the Illegal Immigration Reform and Immigrant Responsibility Act of 1996 is without merit. *See Jimenez–Angeles v. Ashcroft*, 291 F.3d 594, 602–603 (9th Cir.2002). Petitioners' contention that their removal would violate due process by resulting in the de facto deportation of their United States citizen children, and infringing on their family unity is unavailing. *See Mamanee v. INS*, 566 F.2d 1103, 1106 (9th Cir.1977). Finally, the BIA adequately stated the basis for its decision, and there was no constitutional violation. *See Villanueva–Franco v. INS*, 802 F.2d 327, 330 (9th Cir.1986).

**PETITION FOR REVIEW DISMISSED IN PART AND DENIED IN PART.**

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.