Ruben Valdez **LARA**; et al., Petitioners,

v.

Peter D. **KEISLER**,* Acting Attorney General, Respondent.

No. 06–72761.

United States Court of Appeals, Ninth Circuit.

Submitted Sept. 24, 2007 **.

Filed Sept. 27, 2007.

Ruben Valdez Lara, Riverside, CA, pro se.

Juana Perez–Carrillo, Riverside, CA, pro se.

General of the United States, pursuant to Fed. R.App. P. 43(c)(2).

** This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

CAC–District Counsel, Esq., Office of the District Counsel, Department of Homeland Security, Los Angeles, CA, Ronald E. Lefevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Douglas E. Ginsburg, Esq., John D. Williams, Esq., DOJ—U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: CANBY, TASHIMA, and RAWLINSON, Circuit Judges.

MEMORANDUM ***

Ruben Valdez Lara and Juana Perez–Carrillo, husband and wife and natives and citizens of Mexico, petition pro se for review of the decision of the Board of Immigration Appeals denying their application for cancellation of removal.

Petitioners contend that the BIA err in determining that they lacked the requisite exceptional and extremely unusual hardship to their three United States citizen children. Petitioners also allege due process and equal protection violations in the BIA's denial of their application.

We lack jurisdiction to review the discretionary determination that petitioners failed to show exceptional and extremely unusual hardship to their qualifying relatives. See Romero–Torres v. Ashcroft, 327 F.3d 887, 892 (9th Cir.2003).

Petitioners' contention that their equal protection rights were violated by the Nicaraguan Adjustment and Central American Relief Act and the Illegal Immigration

*** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

* Peter D. Keisler is substituted for his predecessor, Alberto R. Gonzales, as Acting Attorney

Reform and Immigrant Responsibility Act of 1996 is without merit. See Jimenez–Angeles v. Ashcroft, 291 F.3d 594, 602–603 (9th Cir.2002). Petitioners' contention that their removal would violate due process by resulting in the de facto deportation of their United States citizen children is unavailing. See Mamanee v. INS, 566 F.2d 1103, 1106 (9th Cir.1977). Finally, the BIA adequately stated the basis for its decision, and there was no constitutional violation. See Villanueva–Franco v. INS, 802 F.2d 327, 330 (9th Cir.1986).

**PETITION FOR REVIEW DISMISSED IN PART AND DENIED IN PART.**