**NOT FOR PUBLICATION**
UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT



**FILED**

MAY 11 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| HERBERT EFRAIN GOMEZ-ORTEGA, | No. 17-72433 |
| Petitioner, | Agency No. A208-991-461 |
| v. | MEMORANDUM[*] |
| WILLIAM P. BARR, Attorney General, | |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted May 7, 2020[**]
Pasadena, California

Before: MURGUIA and CHRISTEN, Circuit Judges, and HELLERSTEIN,[***] District Judge.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***] The Honorable Alvin K. Hellerstein, United States District Judge for the Southern District of New York, sitting by designation.

Herbert Efrain Gomez-Ortega ("Ortega"), a native and citizen of Guatemala, petitions for review of an order of the Board of Immigration Appeals ("BIA") affirming the decision of an Immigration Judge ("IJ"), which decision denied Ortega's application for withholding of removal and protection under the Convention Against Torture ("CAT"). Ortega claims that she[1] was persecuted in Guatemala, and is in danger of further persecution were she to return to Guatemala, due to her being a transgender woman. We have jurisdiction under 8 U.S.C. § 1252 and we deny the petition.

**1.** We review the agency's factual findings for substantial evidence, applying the standards governing adverse credibility determinations generated by the REAL ID Act. *See Shrestha v. Holder*, 590 F.3d 1034, 1039-40 (9th Cir. 2010); 8 U.S.C. § 1158(b)(1)(B)(iii). Substantial evidence supports the IJ's conclusion, affirmed by the BIA, that Ortega was not credible because her testimony was inconsistent internally, with documentary evidence (including Ortega's own sworn declaration), and with her earlier interviews with law enforcement personnel; and that Ortega's explanations for these inconsistencies were inadequate and evasive. The IJ identified a number of inconsistencies, many of which went directly to the heart of Ortega's claims, including omissions and discrepancies having to do with whether and how many times Ortega was allegedly attacked by Guatemalan police——alleged

---

[1] Because Ortega identifies as a transgender woman, we refer to her using feminine pronouns.

attacks that Ortega either failed to mention or affirmatively denied having taken place in her pre-hearing interviews and her written application, and instead testified to for the first time during her cross-examination. *See Shrestha*, 590 F.3d at 1046-47 ("Although inconsistencies . . . [need not] go to the heart of the petitioner's claim, when an inconsistency is at the heart of the claim it doubtless is of great weight."); *Silva-Pereira v. Lynch*, 827 F.3d 1176, 1185 (9th Cir. 2016) ("[A]n adverse credibility determination may be supported by omissions that are not 'details,' but new allegations that tell a 'much different⸺and more compelling⸺story of persecution than [the] initial application.'" (alteration in original) (quoting *Zamanov v. Holder*, 649 F.3d 969, 974 (9th Cir. 2011)). Ortega's explanations for these inconsistencies, which the agency gave due consideration, do not compel a contrary conclusion. *See Rizk v. Holder*, 629 F.3d 1083, 1087-88 (9th Cir. 2011).

**2.** The agency also did not err in considering the major discrepancies between Ortega's pre-hearing interviews and hearing testimony. *See Li v. Ashcroft*, 378 F.3d 959, 962-63 (9th Cir. 2004); *see also Enriquez-Orellana v. Barr*, 778 F. App'x 445, 446 (9th Cir. 2019) ("The agency did not err by considering inconsistencies between Enriquez's statements to an asylum officer during a credible fear interview and her hearing testimony."). Ortega's pre-hearing interviews possessed sufficient indicia of reliability to permit the agency's consideration thereof. Among other things, the interviews were conducted under oath and in Ortega's native Spanish; Ortega was

3

warned in the interviews of the importance of being truthful regarding any fear of persecution and assured such disclosures would be kept confidential, and Ortega confirmed she understood these warnings; the interviews were documented in detailed typewritten summaries; Ortega had consulted with an attorney prior to one of the interviews; Ortega was asked over a dozen pointed questions at the interviews about the alleged incidents underlying her application; and Ortega was given the opportunity by the IJ to explain the inconsistencies between her pre-hearing interviews and hearing testimony. *Cf. Singh v. Gonzales*, 403 F.3d 1081, 1088-90 (9th Cir. 2005) (interview notes lacked sufficient indicia of reliability when, *inter alia*, there was no evidence the interview was taken under oath, the applicant was given no chance to explain his interview answers, and the notes did not indicate whether the interview was conducted in the applicant's native language).

**3.** Finally, we reject as meritless Ortega's contentions that the BIA failed to explain its reasoning for upholding the IJ's adverse credibility finding and ignored Ortega's arguments. The BIA specifically identified and approved the portions of the IJ's reasoning that it found persuasive, which leaves us with no doubt that the agency "'heard, considered, and decided'" the relevant arguments and issues. *Rodriguez-Matamoros v. INS*, 86 F.3d 158, 160 (9th Cir. 1996) (quoting *Villanueva-Franco v. INS*, 802 F.2d 327, 330 (9th Cir. 1986)); *see also, e.g., She v. Holder*, 629 F.3d 958, 963 (9th Cir. 2010) ("Due process and this court's precedent require a

4

minimum degree of clarity in dispositive reasoning and in the treatment of a properly raised argument.").

**4.** The absence of credible testimony dooms Ortega's withholding of removal claim. And Ortega's CAT claim likewise fails, because it is based upon the same testimony that the IJ and BIA found not to be credible. *See Jiang v. Holder*, 754 F.3d 733, 740-41 (9th Cir. 2014); *see also Wang v. Sessions*, 861 F.3d 1003, 1009 (9th Cir. 2017) ("Without Wang's testimony, the remaining evidence in the record is insufficient to carry her burden of establishing eligibility for relief.").

**PETITION DENIED.**