NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

DEC 22 2022

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| GUILLERMO URENDA-BUSTOS, AKA Jose Basorta-Zamora, | No. 20-70625 |
| Petitioner, | Agency No. A200-242-307 |
| v. | MEMORANDUM* |
| MERRICK B. GARLAND, Attorney General, | |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted December 9, 2022**
San Francisco, California

Before: NGUYEN and KOH, Circuit Judges, and BOUGH,*** District Judge.

Guillermo Urenda-Bustos ("Urenda-Bustos"), a native and citizen of

Mexico, petitions this court for review of a decision of the Board of Immigration

---

\*        This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\*        The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

\*\*\*        The Honorable Stephen R. Bough, United States District Judge for the
Western District of Missouri, sitting by designation.

Appeals ("BIA") affirming the denial by an immigration judge ("IJ") of Urenda-Bustos's applications for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We grant the petition for review and remand for proceedings consistent with this disposition.[1]

The sole issue before us is the BIA's resolution of Urenda-Bustos's argument that the IJ erred in failing to consider humanitarian asylum, *see* 8 C.F.R. § 1208.13(b)(1)(iii). The BIA's decision in this respect appears to rest on a conclusion that Urenda-Bustos had not established past persecution on account of a protected ground, but the BIA's order does not explain how it reached that conclusion. Remand is thus required because this court cannot meaningfully review the BIA's decision. *See Rodriguez-Matamoros v. I.N.S.*, 86 F.3d 158, 161 (9th Cir. 1996) (remanding where BIA's conclusory statement did not enable the "reviewing court to see that the Board has heard, considered, and decided" (quoting *Villanueva-Franco v. I.N.S.*, 802 F.2d 327, 330 (9th Cir. 1986))).[2]

**PETITION GRANTED; REMANDED.**

---

[1] In light of our ruling, the motion for a stay of removal is denied as moot.

[2] The government contends that the BIA's particularly serious crime determination rendered Urenda-Bustos statutorily ineligible for humanitarian asylum. However, the BIA did not base its rejection of Urenda-Bustos's humanitarian asylum argument on that ground. "[T]his court cannot affirm the BIA on a ground upon which it did not rely." *Navas v. I.N.S.*, 217 F.3d 646, 658 n.16 (9th Cir. 2000).