39 F.3d 1190
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Sylvia Josefine VANGEYZEL, Petitioner,
v.
IMMIGRATION & NATURALIZATION SERVICE, Respondent.
 No. 93-70259.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Oct. 5, 1994.
Decided Oct. 24, 1994.
 
 1
 Before: FLETCHER and FERNANDEZ, Circuit Judges, and SEDWICK, District Judge*.
 
 
 2
 MEMORANDUM**
 
 
 3
 Sylvia Josefine Vangeyzel, a native and citizen of Sri Lanka, petitions for review of the decision of the Board of Immigration Appeals affirming the order of the immigration judge. The IJ found her deportable under 8 U.S.C. Sec. 1251(a)(2) and denied her asylum, withholding of deportation, and voluntary departure under 8 U.S.C. Secs. 1158, 1253(h) and 1254(e). We affirm.
 
 
 4
 Section 208(a) of the Immigration and Nationality Act, 8 U.S.C. Sec. 1158(a), authorizes the Attorney General, in her discretion, to grant asylum to an alien who is a "refugee" as defined in the Act, i.e., one who is unable or unwilling to return to her home country "because of persecution or a well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group, or political opinion." 8 U.S.C. Sec. 1101(a)(42)(A). The fear must be both subjectively and objectively reasonable. See, e.g., Estrada-Posadas v. INS, 924 F.2d 916, 918 (9th Cir.1991). Subjective fear is established by candid, credible, and sincere testimony demonstrating a genuine fear of persecution. See Blanco-Comarribas v. INS, 830 F.2d 1039, 1042 (9th Cir.1987). "The objective component requires a showing, by credible, direct, and specific evidence in the record, of facts that would support a reasonable fear of persecution." Estrada-Posadas, 924 F.2d at 918.
 
 
 5
 Vangeyzel claims that she has a well-founded fear of persecution based upon political beliefs. She suggests that the JVP, an anti-government terrorist organization, imputes those beliefs to her because members of her family support the current Sri Lankan government. If proven, her fear of persecution based on this imputed political opinion could constitute a valid foundation for an asylum claim. See INS v. Elias-Zacarias, 502 U.S. 478, ----, 112 S.Ct. 812, 816, 117 L.Ed.2d 38 (1992); see also Canas-Segovia v. INS, 970 F.2d 599, 601 (9th Cir.1992).
 
 
 6
 Vangeyzel did not provide sufficient evidence to establish that the BIA was required to find that she was being threatened because of an imputed political opinion rather than because of her ending a relationship with a suitor. See Elias-Zacarias, 502 U.S. at ----, 112 S.Ct. at 815-17. All of the threats she received were anonymous. Although the threats received by the rest of Vangeyzel's family admonished them to cease their political activities in support of the government, the threats directed toward Vangeyzel herself made no mention of political activities that she had supposedly engaged in. The threats against Vangeyzel were primarily made by her vengeful ex-boyfriend, most likely for personal rather than political reasons. Indeed, there is nothing besides rumor to show that the ex-boyfriend was a JVP member or that his threats may be attributed to the JVP at all. The fact that no member of Vangeyzel's family has been harmed since her departure further indicates that the threats against her were motivated by her ex-boyfriend's personal animosity toward her and not by any politically charged animosity toward the family as a whole. Furthermore, even if the threats against family members were politically motivated, the government has been able to protect the family from the threatened harm. See Elnager v. INS, 930 F.2d 784, 788 (9th Cir.1991). In short, there is insufficient objective evidence to compel a decision that Vangeyzel herself was or would be singled out for persecution based upon an imputed political opinion. The BIA did not abuse its discretion when it denied Vangeyzel asylum.[1]
 
 
 7
 Nor did the BIA err when it denied Vangeyzel voluntary departure. In making the voluntary departure determination, the immigration judge has authority to "interrogate, examine and cross-examine the alien" as he sees fit. 8 U.S.C. Sec. 1252(b). Thus, the immigration judge did not exceed his authority by asking Vangeyzel about her willingness to depart, and did not err by determining that Vangeyzel's express statements that she would not depart voluntarily precluded a grant of voluntary departure. By her responses, Vangeyzel simply failed to sustain her burden of demonstrating her eligibility for voluntary departure. See Villanueva-Franco v. INS, 802 F.2d 327, 329 (9th Cir.1986). We do empathize with her assertion that she was tired and nervous and did not fully understand the significance of her answers to the IJ's questions because she did desperately want to stay in the United States. That, however, cannot affect our determination that the BIA did not err. We understand that she has now brought those facts to the attention of the BIA in a motion to reopen. We are confident that it will give them its thoughtful consideration.
 
 
 8
 AFFIRMED.
 
 
 
 *
 The Honorable John G. Sedwick, United States District Judge for the District of Alaska, sitting by designation
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Likewise, the decision to deny withholding of deportation was supported by substantial evidence. See 8 U.S.C. Sec. 1253(h). Because Sec. 243(h) requires a showing of facts which indicate a "clear probability" of persecution--an even higher standard than that required for asylum--Vangeyzel's withholding claim must a fortiori fall with her asylum claim. See Elnager, 930 F.2d at 786