124 F.3d 212
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Tso Yung LUAN, aka Yung Tso Juan, Tso Tung Yung, Yung Tso
Luam, Luam Yung Tso
v.
IMMIGRATION AND NATURALIZATION SERVICE, Respondent.
 No. 96-70323.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted June 13, 1997.
Decided Sept. 23, 1997.
 
 Petition to Review a Decision of the Immigration and Naturalization Service; No. Akl-bpb-wnw.
 Before: SNEED and KLEINFELD, Circuit Judges, and WALLACH, Judge.**
 
 
 1
 MEMORANDUM*
 
 
 2
 Tso Yung Luan petitions for review of the Board of Immigration Appeals' ("BIA") dismissal of his appeal from the Immigration Judge's ("IJ") decision finding him deportable as charged for having been convicted of a crime involving moral turpitude pursuant to section 241 of the Immigration and Nationality Act ("INA"), 8 U.S.C. § 1251(a)(2)(A)(i), denying his application for a waiver under section 212(c) of the INA, 8 U.S.C. § 1182(c), and finding him ineligible for asylum and withholding of deportation pursuant to sections 208(a) and 243(h) of the INA, 8 U.S.C. § 1158(a) and 1253(h). Petitioner entered the United States as a lawful permanent resident in 1984. In 1991, he was convicted of conspiracy to commit armed robbery while masked. In 1992, the IJ found Luan deportable and subsequently denied his requests for relief under sections 212(c), 208(a), and 243(h) of the INA. On March 18, 1996, the BIA affirmed the IJ's decision. For the reasons that follow, we deny Luan's petition.
 
 
 3
 This Court has jurisdiction over Luan's petition. As recently held by this Court in Valderrama-Fonseca v. I.N.S., 116 F.3d 853 (9th Cir.1997), the new definition of "aggravated felony" found in section 321(a) of the Illegal Immigration Reform And Immigrant Responsibility Act of 1996 ("IIRIRA") only applies to "actions taken" on or after September 30, 1996 and judicial review is not considered an action taken within the meaning of the statute. Id. at 854-55. Thus, because Luan's petition was filed on April 30, 1996, our review of it does not trigger the "aggravated felony" definition of the IIRIRA and we still have jurisdiction. Consequently, Respondent's Motion To Dismiss Petition For Review For Lack Of Jurisdiction is denied.
 
 
 4
 On the merits, we deny Luan's petition. The BIA supported its decision to deny a section 212(c) waiver "with a reasoned explanation based upon legitimate concerns." Vargas v. I.N.S., 831 F.2d 906, 908 (9th Cir.1987). The BIA examined the crime, determined that it was a "particularly serious crime", and affirmed the IJ based on his proper consideration of the discretionary factors. See Matter of Marin, 16 I & N Dec. 581 (BIA 1978) (a request for relief will not be granted unless positive factors outweigh negative considerations and "additional offsetting favorable evidence, which in some cases may have to involve unusual or outstanding equities" must be shown when negative factors are serious). Accordingly, we find that the BIA considered all aspects of the application for relief and that its rejection of Luan's application was rational. See Villanueva-Franco v. I.N.S., 802 F.2d 327, 330 (9th Cir.1986) (the BIA's decision must "set[ ] out terms sufficient to enable us as a reviewing court to see that the Board has heard, considered, and decided.").
 
 
 5
 We also agree with the BIA that Luan was statutorily ineligible for asylum and withholding of deportation. We review de novo whether an offense is a particularly serious crime under Section 243(h)(2)(B) of the INA. Beltran-Zavala v. I.N.S., 912 F.2d 1027, 1029 (9th Cir.1990). After thoroughly reviewing the record, we adopt the analysis and conclusions stated by the BIA and the IJ that Luan's offense is a particularly serious crime and that he is ineligible for asylum and withholding of deportation. We agree that conspiracy to invade a home at night and commit armed robbery while masked was "particularly serious" and that Luan constituted a danger to the community and thus was ineligible for asylum. See Section 243(h) of the INA, 8 U.S.C. § 1253(h)(2)(B); 8 C.F.R. § 208.14.
 
 
 6
 Finally, we decline to invoke the fugitive disentitlement doctrine to dismiss this petition. While it is unclear whether Luan was a fugitive, we need not make this determination because we have decided to deny this petition on the merits rather than on the doctrine. See United States v. Van Cauwenberghe, 934 F.2d 1048, 1054-55 (9th Cir.1990) (the court has the discretionary authority to dismiss an appeal based on the disentitlement doctrine because the doctrine is based on equitable considerations).
 
 
 7
 The petition is DENIED.
 
 
 
 **
 The Honorable Evan J. Wallach, United States Court of International Trade, sitting by designation
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3