**Alma Isabel SALDIVAR–LOPEZ Petitioner,**

v.

**IMMIGRATION AND NATURALIZATION SERVICE, Respondent.**

**No. 01–71589.**
**INS No. A72 402 741.**

United States Court of Appeals, Ninth Circuit.

Submitted Nov. 7, 2002.*

Decided Dec. 30, 2002.

* The panel unanimously finds this case suitable for decision without oral argument. Fed. R.App. P. 34(a)(2).

Before STAPLETON,[**]
O'SCANNLAIN, and FERNANDEZ,
Circuit Judges.

### MEMORANDUM ***

■ Alma Isabel Saldivar–Lopez ("Petitioner") seeks review of the decision of the Board of Immigration Appeals ("BIA") that denied her applications for asylum and withholding of removal. Petitioner argues that the BIA failed to adequately explain the basis for its decision. Petitioner also maintains that the facts showed past persecution based on a political opinion imputed to Petitioner and that she is entitled, based on that past persecution, to a presumption that she has a well-founded fear of future persecution. The Immigration and Naturalization Service ("INS") insists that the BIA's findings provided adequate explanations and that the BIA's decision is supported by substantial evidence.

The Immigration Judge ("IJ") denied Petitioner's request for asylum and withholding of deportation. She found the testimony of Petitioner and Petitioner's father to be credible. However, she concluded that on their version of the facts there was not enough to establish past persecution. The IJ also found that while Petitioner had a subjective fear of returning to Mexico, she did not have an objective, well-founded fear of future persecution based on a protected ground.

After reviewing the factual findings and conclusions of the IJ, noting that Petitioner had been found to be credible, and

---

[**] The Honorable Walter K. Stapleton, Senior United States Circuit Judge for the Third Circuit, sitting by designation.

*** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

setting forth the applicable legal standards, the BIA provided the following explanation of its decision:

> In this case, we agree with the Immigration Judge's conclusion that the respondent was not persecuted in the past in Mexico. Although her house was burned on one occasion when she was a child, we do not find that this amounted to persecution within the meaning of the INA. We also do not find the threats she received over the years about her father amounted to persecution, even when considered in the aggregate. *See Matter of O–Z & I–Z–,* Interim Decision 3346 (BIA 1998).

> We also agree with the Immigration Judge's finding that the respondent does not appear to have a well-founded fear of future persecution. The respondent remained in Mexico until 1996 without harm. Her mother and sister remain there, apparently without harm. Her mother has been employed in her father's old job, in the same city where the respondent grew up, since his departure. Her sister married and successfully relocated to Mexico City. Accordingly, we do not find that she has met her burden of proving a well-founded fear of future persecution. 8 C.F.R. § 208.13(b)(1) (2001).

(1) Failure by the BIA "to support its conclusions [denying relief] with a reasoned explanation based upon legitimate concerns ... constitutes an abuse of discretion." *Velarde v. I.N.S.,* 140 F.3d 1305, 1310 (9th Cir.1998) (internal quotations omitted) (brackets in original). Although the BIA is required to provide more than "mere conclusory statements, all that is necessary is a decision that sets out terms sufficient to enable us as a reviewing court to see that the Board has heard, considered, and decided." *Villanueva–Franco v. I.N.S.,* 802 F.2d 327, 330 (9th Cir.1986)

(internal quotations omitted). *See also Ghaly v. I.N.S.,* 58 F.3d 1425, 1430 (9th Cir.1995) ("All that we require is that the Board provide a comprehensible reason for its decision sufficient for us to conduct our review and to be assured that the petitioner's case received individualized attention.").

With respect to past persecution, the Board concluded that even accepting Petitioner's account of the fire at her house and the threats she received, she had not been the subject of persecution within the meaning of the statute. Its explanation provides assurance that the BIA "heard, considered, and decided" the relevant question, *Villanueva–Franco,* 802 F.2d at 330, and leaves this court in a position to determine whether it agrees with the Board's resolution of those issues.

The BIA's explanation of its decision that there was no well-founded fear of persecution was also sufficient. The BIA stated that Petitioner had remained in Mexico until 1996 (years after her father had fled the country) without harm and that Petitioner's mother and sister remain there without harm. It also found that the mother was employed in the father's old job in the same city where the father's troubles had occurred. The IJ had found that this fact suggested that the would-be persecutors had agreed to let bygones be bygones. The BIA, by referring to all of these facts, clearly inferred that Petitioner did not have an objectively reasonable well-founded fear of future persecution. This is a sufficient statement of reasons enabling this court to review the issue.

■ (2) Petitioner argues that she has been persecuted in the past because of her father's political activity, which has been imputed to her. Persecution is defined as "the infliction of suffering or harm upon those who differ (in race, religion or political opinion) in a way regarded as offen-

sive." *Al–Harbi v. I.N.S.,* 242 F.3d 882, 889 (9th Cir.2001). It is an "extreme concept." *Lim v. I.N.S.,* 224 F.3d 929, 936 (9th Cir.2000). "An imputed political opinion is a political opinion attributed to the applicant by his persecutors." *Molina–Morales v. I.N.S.,* 237 F.3d 1048, 1051 (9th Cir.2001). In this case, the severity of the fire is questionable, given that the family moved back into the house two days later. There is also little evidence in the record that anyone attributed Mr. Saldivar's political activity to Petitioner. When the family house was burned down, Petitioner was about 11 years old, and it seems unlikely that those who perpetrated this act were targeting an 11–year–old for political beliefs they attributed to her. Because the severity of the fire is questionable, and because it seems more likely that the fire was directed at her father, the facts do not suggest that Petitioner has suffered past persecution or that the alleged conduct was based on political beliefs imputed to her.

While Petitioner also refers to threats made against her, the only things known about these threats is that the person(s) making them seemed to be looking for Petitioner's father and that several of the threats were made by a woman known as "La Loba (the wolf)." A.R. at 75–78. This does not suggest that anyone attributed any political belief to Petitioner. The fact that Petitioner's mother and sister have remained in Mexico unharmed is further evidence that the only person sought for political beliefs is Petitioner's father.

Courts "generally treat[ ] unfulfilled threats, without more, as within that category of conduct indicative of a danger of future persecution, rather than as past persecution itself." *Lim,* 224 F.3d at 936. "Threats standing alone ... constitute past persecution in only a small category of cases, and only when the threats are so

menacing as to cause significant actual suffering or harm." *Id.* (internal quotations omitted). Here, Petitioner has offered no evidence or actual suffering of harm caused by these threats. Therefore, these threats do not constitute past persecution. *Compare Lim,* 224 F.3d at 936 *with Ruano v. Ashcroft,* 301 F.3d 1155, 1162 (9th Cir.2002) (finding past persecution where petitioner was threatened by men who had "closely confronted" him and drawn their pistols in his presence).

Because neither the fire nor the threats alleged by Petitioner amounted to persecution based on an imputed political opinion or otherwise, we agree with the BIA's finding of no past persecution.

(3) Although Petitioner recites the standard applicable to finding a well-founded fear of future persecution in her brief before us, she relies on attempting to show past persecution to raise the presumption of a well-founded fear. She does not advance an argument that the facts directly show a well-founded fear of persecution. The argument has thus been waived. *See Martinez–Serrano v. I.N.S.,* 94 F.3d 1256, 1259 (9th Cir.1996) ("Issues raised in a brief that are not supported by argument are deemed abandoned.").

Even if Petitioner had not waived this argument, the BIA's finding that there was not a well-founded fear of persecution is supported by substantial evidence. The testimony of Petitioner and her father does not compel a finding that Petitioner has an objectively reasonable fear of persecution. Petitioner remained in the city where her father's problems took place for several years after the family house was burned. She was never physically harmed by anyone during that time. Her mother and sister have remained in Mexico without harm. Finally, her mother was later employed at the job previously occupied by Petitioner's father, suggesting that only

the father was the target of whatever persecution there may have been.

(4) Because Petitioner is not entitled to asylum, she is not entitled to withholding of deportation.

The petition for review is DENIED.