**Vigny SONZEU, Petitioner,**

v.

**Eric H. HOLDER, Jr., Attorney General, Respondent.**

No. 06–73615.

United States Court of Appeals, Ninth Circuit.

Submitted Feb. 18, 2009.\*

Filed Feb. 25, 2009.

James R. Patterson, Esquire, Law Office of Lilia S. Velasquez, San Diego, CA, for Petitioner.

David V. Bernal, Assistant Director, Liza Murcia, OIL, U.S. Department of Justice, Civil Division/Office of Immigration Litigation, Washington, DC, District Counsel, Esquire, Office of the District Counsel, Department of Homeland Security, San Diego, CA, Ronald E. Lefevre, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, for Respondent.

Before: BEEZER, FERNANDEZ, and W. FLETCHER, Circuit Judges.

MEMORANDUM \*\*

Vigny Sonzeu, a native and citizen of Cameroon, petitions for review of the

---

\* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

\*\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

Board of Immigration Appeals' ("BIA") order denying his motion to reopen removal proceedings. We have jurisdiction under 8 U.S.C. § 1252. We review for abuse of discretion the denial of a motion to reopen, *Perez v. Mukasey*, 516 F.3d 770, 773 (9th Cir.2008). We deny the petition for review.

The BIA did not abuse its discretion in denying Sonzeu's motion to reopen as untimely because it was filed almost three years after the BIA issued its final orders and Sonzeu failed to demonstrate changed circumstances in Cameroon. *See* 8 C.F.R. §§ 1003.2(c)(2),(c)(3)(ii); *see also Malty v. Ashcroft*, 381 F.3d 942, 945 (9th Cir.2004) ("The critical question is . . . whether circumstances have changed sufficiently that a petitioner who previously did not have a legitimate claim for asylum now has a well-founded fear of future persecution.").

Sonzeu's contention that the BIA failed to consider the evidence submitted with the motion to reopen is unavailing because he has not overcome the presumption that the BIA did review the record, *see Fernandez v. Gonzales*, 439 F.3d 592, 603 (9th Cir.2006) (presumption that the BIA reviewed the record), and the BIA articulated its reasons for denying the motion to reopen, *see Villanueva–Franco v. INS*, 802 F.2d 327, 330 (9th Cir.1986).

**PETITION FOR REVIEW DENIED.**

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.